## No. 9331.

### THE STATE OF LOUISIANA VS. JAMES K. RUTLEDGE.

Act 7 of 1880 deals exclusively with regular terms of the district courts and the prohibition of fixing such terms so as to conflict with those of the circuit courts, does not apply to special called terms.

Declarations of accused made after the crime and while the coroner's jury is sitting on the inquest, are not part of the *res gestæ* and are inadmissible.

When the State, on cross-examination of a witness, has elicited from him a statement by the accused to a particular and isolated fact, the defense has the right to question the witness as to everything said by accused connected with or bearing upon said fact; but it does not entitle the defense to introduce other self-serving declarations of accused having no connection with that subject, made during a conversation of an hour or more. The connection between the two is not more apparent than if they had taken place at different times.

The other errors assigned are sustained by the record or are untenable.

[State vs. Rutledge.

A PPEAL form the Sixth District Court, Parish of Morehouse. *Brigham*, J.

*M. J. Cunningham*, Attorney General, and *S. T. Baird*, District Attorney, for the State, Appellee.

*C. T. Dunn*, *F. Vaughan* and *W. R. Mayo* for Defendant and Appellant.

The opinion of the Court was delivered by·

FENNER, J. The first ground of reversal relied on is the alleged illegality of the term of court at which the defendant was indicted, tried, convicted, and sentenced, because the term conflicted with a term of the circuit court in the same parish as fixed by the Constitution, in violation of Section 4 of Act No. 7 of 1880.

The term was a special called term, and we have already explicitly held that Act 7 of 1880 "deals exclusively with regular terms of the district court, except in the proviso to Section 5 thereof, which declares that 'district judges may provide for other jury terms in any parish when, in their discretion, it may be required.'" State vs. Claude, 35 Ann. 71.

This disposes of the objection, without reference to the fact that it was only presented, after conviction, on motion in arrest of judgment.

The next error is presented on a bill of exceptions to the the exclusion of evidence of certain declarations of accused made in a conversation after the crime, and while the coroner's jury were sitting on the inquest.

The pretense that such declarations were part of the *res gestæ* is frivolous, and the ruling was obviously correct. On cross-examination of the same witness, the State elicited from him evidence of certain declarations of the accused, with reference to a particular fact, made in a different conversation held at a later period and at a different place. The accused then claimed the right to question the witness as to all the declarations made by the accused in a long conversation. The court ruled that he might interrogate the witness as to every part of the conversation affecting or bearing upon the particular fact as to which the State had questioned him, but not as to other and independent declarations of the accused. We think the ruling was correct. The particular fact elicited by the State was the statement of accused that he had "got his whiskey" at a particular place. This entitles the defense to the whole conversation on the subject of the whiskey; but we can see no reason why his other self-serving declarations having no

connection with that subject, made, as the court says, in a conversation of an hour, or more, should be let in. The connection between the two is not more apparent than if the different parts of the conversation had taken place at different times. State vs. Johnson, 35 Ann. 969.

The last error assigned is that it does not appear on the face of the proceeding that the jury was in charge of a sworn officer, or that a particular oath was administered to said officer. It is enough to say that the minutes do affirmatively show that whenever the jury left the presence of the court they were placed in custody of a sheriff, a sworn officer; and it is a novelty for which we find no precedent to claim that the minutes must show whether any, and what, oath was administered to him.

We find no error in the proceedings.

Judgment affirmed.